FOOTE <em>et al. v.</em> STRYKER <em>et al.</em>

(<em>Supreme Court, General Term, Second Department.</em>   May 12, 1890.)

FRAUDULENT CONVEYANCES—ASSIGNMENT OF MORTGAGE—CONSIDERATION.

    In an action to set aside an assignment of a mortgage for $2,000 as in fraud of creditors, it appeared that before the assignor became indebted he made a gift of several mortgages to the assignee, his daughter, two of which, aggregating $3,800, had been foreclosed, and purchased by the assignee for the amount of the mortgage debt; that after the assignor became indebted the assignee conveyed the lands that she had bought at the foreclosure sale to the assignor, to enable him to raise money. *Held*, that the value of the lands so conveyed was the consideration of the assignment sought to be set aside.

Appeal from special term, Kings county.

Action by Warren Foote and F. Seeley Foote against Richard D. Stryker and Anna M. Stryker to set aside, as fraudulent and void as to creditors, two assignments of mortgages made by Richard D. Stryker to his daughter and co-defendant, Anna M. Stryker,—one made April 20, 1875, which assigned six several bonds and mortgages, aggregating $13,500, in consideration of $1; and the second assignment, made January 31, 1879, of one bond and mortgage, made by Agnes Haner and husband to the judgment debtor, for

$2,000, in consideration of "$1 and love and affection." There was a judgment for plaintiffs, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles J. Patterson,* for appellants. *I. Newton Williams,* for respondents.

BARNARD, P. J. The plaintiffs are judgment creditors of Richard D. Stryker. The complaint asks that a transfer of several bonds and mortgages made by Richard D. Stryker to his daughter, the other defendant, be set aside as fraudulent. The transfers were made by two assignments,—one dated in 1875, conveying six mortgages. As to this conveyance it appeared on the trial that the assignment was made without fraud or evil intent, and was before the contraction of the plaintiff's debt. The court dismissed the complaint as to this part of the plaintiff's claim. In 1879, Richard D. Stryker conveyed to his daughter a mortgage executed by Agnes Haner to Richard D. Stryker for $2,000, dated 6th December, 1875. The consideration expressed was $1 for the assignment from the father to the daughter, and also "love and affection." It was ruled upon the trial that the daughter might prove a real consideration to the extent of $542, which was allowed by the court, and the assignment was set aside as to all over that sum. The sole question upon the appeal is whether the assignment of the mortgage did not prove a greater consideration. The proof shows that Anna Stryker acquired two pieces of land by foreclosure of two of the mortgages covered by this 1875 assignment. These lands cost her $3,800, being the amount of the several mortgages,— one of $2,000 on one piece, and one of $1,800 on the other. The daughter, upon the request of the judgment debtor, conveyed these lands to him, and he mortgaged them for $2,800. This money, in fact, went to the plaintiffs; but it is of no importance where the money went to. As between father and daughter, he owed her $5,500. ⸱This is the expressed consideration in the deed; and while there is evidence that the real consideration was only the amount of the mortgages which had been foreclosed, $3,800, even that sum is largely in excess of the moneys realized on the mortgages in question. If the two pieces of property were worth less than the $3,800, the debtor should not escape this agreement to pay his daughter below what he borrowed on the property, and that is in excess of the amount of the moneys collected on the mortgage in dispute. There should be a new trial, with costs to abide event. All concur.